## Pérez v. Taboada.

### Appeal from the District Court of Ponce.

No. 696.—Decided June 3, 1911.

Costs—Attorney's Fees—Discretion of Trial Court.—When a plaintiff brings an action and obtains a judgment by default against the defendant, and such judgment is set aside on motion accompanied by affidavit filed by the latter, and the plaintiff dismisses his suit after the complaint is answered, the court, in the exercise of sound judicial discretion, and in taxing the costs allowed by the judgment of dismissal, may allow attorney's fees, and this appellate court decided that the amount taxed of $75 was not excessive.

The facts are stated in the opinion.

*Mr. Francisco Jiménez* for appellant.
*Mr. José A. Poventud* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

The District Court of Ponce in taxing costs against the complainant and appellant awarded the attorney of the appellee $75 for fees. An initial question is whether such fees could be allowed in the particular proceeding under the law of March 12, 1908. (Laws of that year, pp. 85 and 86.)

The complaint was for libel; the defendant demurred and the demurrer was overruled with no leave to amend. A default was entered against the defendant. On motion, accompanied by affidavit, the default was set aside, and defendant answered. Subsequently, the complainant dismissed his suit and, at the instance of the defendant, a judgment of dismissal (*sobreseimiento*) was entered with costs against the complainant.

Section 329 of the Code of Civil Procedure, as amended by the law of 1908 aforesaid, gives costs after any final judgment or decision, and section 327 provides that in all cases where costs have been allowed the fees of the opposing attorney should be paid if the amount involved exceeds $500. This was a proceeding in which costs were allowed; the amount involved was more than $500; there was a judgment for costs and the particular suit was disposed of, and hence we think that fees were allowable within the discretion of the judge, taking cognizance, however, of the degree of blame of the losing party.

The appellant subjected the appellee to the necessity of seeking counsel and, by his action in noting a default, caused extra work to such counsel, afterwards abandoning the suit. The court had a right to consider such work as well as the fact that when the answer came in the complainant chose to abandon the suit, thus either subjecting defendant to the possibility of second action or improperly beginning the first. It was a matter within the sound discretion of the court, and we see no reason to interfere with the exercise thereof. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.